UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEPHEN YUSZCZAK AND ) | |
| RITA YUSZCZAK, ) | |
|         Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: 1:16-cv-00101 |
| ) | |
| DLJ MORTGAGE CAPITAL, INC., ) | |
| ALIAS AND JOHN DO, ALIAS, ) | |
|         Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT DLJ MORTGAGE CAPITAL, INC.**

**I.     INTRODUCTION**

On May 14, 2008, Plaintiffs Stephen Yuszczak and Rita Yuszczak (together, "Plaintiffs") executed a note and mortgage (together, the "Mortgage Loan"). On or about July 28, 2014, the Mortgage Loan was transferred to Defendant DLJ Mortgage Capital, Inc. ("DLJ"), and notice of the transfer was sent to Plaintiffs. On February 3, 2016, Plaintiff filed suit claiming DLJ never sent notice of the transfer of ownership of the Mortgage Loan, as required by the federal Truth-in-Lending Act ("TILA"). Contrary to Plaintiffs' allegations, DLJ sent the notice of transfer dated August 29, 2014. The uncontroverted testimony and business records of Select Portfolio Servicing, Inc. ("SPS"), DLJ's current servicer and attorney-in-fact with respect to the Mortgage Loan, confirm the sending of the notice of transfer. Accordingly, Plaintiffs' Complaint cannot survive summary judgment given the undisputed facts.

**II.     LAW AND ARGUMENT**

**A.     Standard of Review**

"Granting summary judgment is appropriate if the moving party 'shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law.'" *Ophthalmic Surgeons, Ltd. v. Paychex, Inc.,* 632 F.3d 31, 35 (1st Cir.2011) (quoting Fed.R.Civ.P. 56(a)).  "Once the moving party avers the absence of genuine issues of material fact, the nonmovant must show that a factual dispute does exist, but summary judgment cannot be defeated by relying on improbable inferences, conclusory allegations, or rank speculation." *Ingram v. Brink's, Inc.,* 414 F.3d 222, 228–29 (1st Cir.2005).  "In the summary judgment context, 'genuine' has been construed to mean 'that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.'  Similarly, a fact is 'material' if it is 'one that might affect the outcome of the suit under the governing law.'" *Enica v. Principi,* 544 F.3d 328, 336 (1st Cir.2008) (citations omitted).

Here, Plaintiffs can offer no admissible evidence to support their TILA claim.

**B.**     **Plaintiffs Fail to State a Claim for Violation of TILA**

The sole allegation in the Complaint is that DLJ provided no notice to Plaintiffs of the transfer of ownership of the Mortgage Loan as required by TILA.  Section 131 of TILA provides, in relevant part:

> [N]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
>
> **(A)** the identity, address, telephone number of the new creditor;
> **(B)** the date of transfer;
> **(C)** how to reach an agent or party having authority to act on behalf of the new creditor;
> **(D)** the location of the place where transfer of ownership of the debt is recorded; and
> **(E)** any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g)(1).

Here, contrary to Plaintiffs' contention, DLJ sent the notice of transfer to Plaintiffs at the Property address by letter dated August 29, 2014. The notice of transfer provides, *inter alia*, the identity, address and telephone number of DLJ; the date of the transfer of the Mortgage Loan; the contact information for DLJ's servicer at the time of the transfer; and a statement regarding the recording of the transfer of the Mortgage Loan. Accordingly, DLJ did not violate TILA. The claim fails as a matter of law.

### III.   CONCLUSION

For the foregoing reasons, DLJ Mortgage Capital, Inc. requests this Court to grant its motion, and to enter summary judgment in its favor against Plaintiffs.

Respectfully submitted,

**DLJ MORTGAGE CAPITAL, INC.,**

By its attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (R.I. Bar #5343)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
pcarr@eckertseamans.com

Dated:  September 9, 2016

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this date the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are as non-registered participants.

               /s/ Peter F. Carr, II
               Peter F. Carr, II

Dated:  September 9, 2016