```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
STEPHEN YUSZCZAK and                )
RITA YUSZCZAK,                      )
                                   )
        Plaintiffs,                 )
                                   )
    v.                              )   C.A. No. 16-101 S
                                   )
DLJ MORTGAGE CAPITAL, INC.,         )
ALIAS and JOHN DOE, ALIAS           )
                                   )
        Defendants.                 )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant's Motion for Summary Judgment. (ECF No. 8.) For the reasons set forth below, Defendant's Motion is DENIED.

I.   Facts and Procedural History

Stephen and Rita Yuszczak ("Plaintiffs") are residents of Burrillville, Rhode Island. On May 14, 2008, Plaintiffs acquired a mortgage loan for their home from Seacoast Mortgage Corporation. That mortgage was subsequently transferred to DLJ Mortgage Capital ("Defendant"), a Delaware Corporation, sometime between July of 2014 and February of 2015.[1] On February 3, 2016,

---

[1] There is a dispute between the parties as to when the mortgage was officially acquired by Defendant. Defendant claims to have acquired the mortgage on or about July 28, 2014. (Def.'s Mot. for Summ. J. 1, ECF No. 8-1.) Plaintiffs claim that the

Plaintiffs filed a Complaint in Rhode Island Superior Court alleging that Defendant failed to notify Plaintiffs of the mortgage transfer as required under the Truth in Lending Act ("TILA"). (ECF No. 1-1.) Specifically, Plaintiff alleges that Defendant failed to comply with the following TILA requirement:

> not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
>
> **(A)** the identity, address, telephone number of the new creditor;
> **(B)** the date of transfer;
> **(C)** how to reach an agent or party having authority to act on behalf of the new creditor;
> **(D)** the location of the place where transfer of ownership of the debt is recorded; and
> **(E)** any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g)(1) (emphasis in original).

Defendant removed this lawsuit to federal court. Discovery closed on August 26, 2016 (Pretrial Scheduling Order, ECF No. 6) and Defendant subsequently submitted a Motion for Summary Judgment (ECF No. 8). After several extensions, Plaintiffs filed their Objection (ECF No. 16), and Defendant submitted a Reply (ECF No. 17).

---

transfer did not occur until on or about February 3, 2015. (Compl. ¶ 9, ECF No. 1-1; Pls.' Obj. 10, ECF No. 16-1.) The Court need not resolve this dispute in order to rule on Defendant's Motion.

2

II. <u>Standard of Review</u>

On a summary judgment motion, the parties are required to supply facts by "citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A). The Court then views the facts in the light most favorable to the non-moving party and grants summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

III. <u>Discussion</u>

Defendant provided evidence that it procured Plaintiffs' mortgage on July 28, 2014, and subsequently sent a notice of transfer to Plaintiffs. (Weinberger Aff. ¶ 8, ECF No. 8-3; Def.'s Mot. Summ. J. Ex. 6, ECF No. 8-3.) Plaintiffs argue that – even assuming those facts are true – summary judgment is not appropriate because Defendant has failed to establish when the notice of transfer was sent to Plaintiffs (<u>i.e.</u>, whether Defendant sent the notice of transfer within thirty days as required by TILA). Plaintiffs' argument must prevail.

Defendant submitted an Undisputed Statement of Facts that describes how, "[f]ollowing the transfer of ownership of the Mortgage Loan, DLJ sent Plaintiffs . . . notice of the transfer dated August 29, 2014." (Def.'s Statement of Undisputed Facts ¶ 6, ECF No. 8-2 (citing Weinberger Aff. ¶ 8, ECF No. 8-3; Def.'s Mot. Summ. J. Ex. 6, ECF No. 8-3).) As this statement has gone

3

uncontroverted by Plaintiff, it is deemed admitted for summary judgment purposes. See LR Cv 56(a)(3). However, as Plaintiffs point out, while this statement establishes that a notice of transfer was sent to Plaintiffs and that the notice was dated August 29, 2014, these two facts do not establish the date on which Defendant actually sent the notice to Plaintiffs. (Pls.' Obj. 5-6, ECF No. 6-1.) Viewing the facts and drawing inferences in the Plaintiffs' favor, as the Court must for the purposes of summary judgment, the Court cannot conclude that the notice of transfer was sent the same day it was dated. Absent additional evidence on this topic, the timeliness of the notice of transfer is a genuine issue of material fact precluding summary judgment.

Defendant brings several other issues to the Court's attention for the first time in its Reply brief. These arguments are untimely. In its Reply, Defendant provides additional reasons why it believes this Court should grant summary judgment. These include a statute of limitations defense as well as an argument that the Plaintiffs, having gone through a bankruptcy in 2010, cannot assert a claim under TILA for a mortgage transferred in 2014. (Def.'s Reply 3-4, ECF No. 17.) Regardless of merit, these arguments are procedurally barred because they were argued for the first time in Defendant's Reply. See W. Reserve Life Assur. Co. of Ohio v. Conreal LLC, 715 F. Supp. 2d 270, 288–89 (D.R.I. 2010) ("Arguments 'raised

4

for the first time in reply briefs are procedurally barred.'") (quoting <u>Weaver's Cove Energy, LLC v. R.I. Coastal Res. Mgmt. Council</u>, 589 F.3d 458, 474 n.14 (1st Cir. 2009)); <u>see also</u> <u>Wills v. Brown Univ.</u>, 184 F.3d 20, 27 (1st Cir. 1999). The Court will not consider these arguments in deciding Defendant's Motion.

VI. <u>Conclusion</u>

For the foregoing reasons, the Defendant's Motion for Summary Judgment (ECF No. 8) is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date:  January 4, 2017